IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                Case No. 13-10123-JTM

MONTREAL T. RAMBO,
     a/k/a/ MONTREL T. RAMBO,

        Defendant.

MEMORANDUM AND ORDER

The United States charged defendant Montreal T. Rambo in an indictment, alleging one count of possessing a firearm and ammunition as a felon, in violation of federal law. Rambo's trial is scheduled to begin on December 3, 2013. The court has before it Rambo's Motion to Dismiss Indictment (Dkt. 17) and Motion in Limine (Dkt. 18). After reviewing the parties' briefs, the court denies the motions for the following reasons.

**I. Motion to Dismiss Indictment**

The single count in the government's indictment alleges that Rambo violated 18 U.S.C. § 922(g)(1) with reference to § 924(a)(2) by possessing, as a convicted felon, a firearm that had been shipped and transported in interstate commerce. Rambo argues that § 922(g)(1) is unconstitutional, claiming it reaches beyond the scope of Congress's power under the Commerce Clause. Bound by precedent, the court holds that § 922(g)(1) was passed by Congress in a valid exercise of its Commerce Clause power.

Congress has the power to "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes . . . ." U.S. CONST. art. I, § 8, cl. 3. Proof that the possessed firearm previously traveled in interstate commerce is sufficient to satisfy the statutorily required nexus between the possession of a firearm by a convicted felon and commerce. *Scarborough v. United States*, 431 U.S. 563, 575 (1963). To establish a nexus with interstate commerce, the government need prove only that the firearm possessed by the convicted felon traveled "at some time" in interstate commerce. *Id*. In *Scarborough, t*he U.S. Supreme Court rejected the arguments that the nexus between possession and commerce must be "contemporaneous" and that the statute proscribes "only crimes with a present connection to commerce." *Id.*

Over thirty years after its opinion in *Scarborough*, the Supreme Court identified "three broad categories of activity that Congress may regulate under its commerce power": (1) channels of interstate commerce, (2) instrumentalities of interstate commerce, and (3) activities having a substantial relation to interstate commerce. *See United States v. Lopez*, 514 U.S. 549, 558–59 (1995). The U.S. Court of Appeals for the Tenth Circuit "see[s] considerable tension between *Scarborough* and the three-category approach adopted by the Supreme Court in its recent Commerce Clauses cases . . . ." *United States v. Patton*, 451 F.3d 615, 636 (10th Cir. 2006). Regardless, the Tenth Circuit has repeatedly applied *Scarborough* to felon in possession cases, even after *Lopez*. *See Patton*, 451 F.3d 615, 634 (10th Cir. 2006) (listing cases). Indeed, the Tenth Circuit has twice upheld § 922(g)(1)'s post-*Lopez* constitutionality. *See United States v. Dorris*, 236

F.3d 582, 584–86 (10th Cir. 2000) (citing *United States v. Farnsworth*, 92 F.3d 1001, 1006 (10th Cir. 1996) and *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995)).

Despite the apparent "tension," this court is bound to follow the precedent of the Tenth Circuit. The court upholds § 922(g)(1) as a valid exercise of Congress's power under the Commerce Clause. Rambo's motion to dismiss is denied.

## II. Motion in Limine

Rambo moves the court to restrict the government from introducing evidence from three categories. Rambo describes these categories as:

> 1. Referencing defendant's prior felony before the jury when defendant is willing to stipulate pursuant to *Old Chief v. United States*, 519 U.S. 172 (1997), to that element being established by beyond a reasonable doubt without the need of evidence.
>
> 2. Referencing defendant's alleged involvement in a gang, past or present, when such evidence is highly prejudicial, and lacks probative value for the charge of simple possession of a firearm.
>
> 3. Prior convictions in 01 CR 1952 and 04 CR 2967, and Wichita Municipal Court case where misdemeanor firearm charge declined by the prosecution.

Dkt. 18, pg. 1.

In its response, the United States assures the court that it will not offer proof of Rambo's underlying felony conviction, so long as Rambo's suggested stipulation satisfies the element of the offense that the United States is required to prove beyond a reasonable doubt. The United States asserts that it does not intend to offer evidence of Rambo's gang involvement and will not allege that this was a gang-related shooting, so long as the defense does not make such evidence relevant during the course of trial.

3

Finally, the United States makes clear that it does not intend to offer evidence of Rambo's prior cases involving firearms, once again subject to the condition that Rambo's defense does not make this evidence relevant at trial.

Given the government's assurances, the court denies Rambo's motion in limine as moot. The government should be cautious and allow the court to decide whether and when the proverbial door to any of this evidence has been opened at trial.

IT IS THEREFORE ORDERED this 2nd day of December, 2013, that Rambo's Motion to Dismiss Indictment (Dkt. 17) and Motion in Limine (Dkt. 18) are denied.

s/J. Thomas Marten  
J. THOMAS MARTEN, JUDGE